UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DAVID A. KIRKPATRICK,<br><br>            Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A. d/b/a<br>Wells Fargo Home Mortgage and<br>HSBC BANK USA, N.A.,<br><br>            Defendants. | Civil Action No. 5:24-cv-169<br><br>[Removed from the Circuit Court of<br>Raleigh County, West Virginia,<br>Case No. CC-41-2024-C-78] |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, as well as the Class Action Fairness Act ("CAFA"), Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("Wells Fargo") hereby removes this case from the Circuit Court of Raleigh County, West Virginia (the "State Court") to the United States District Court for the Southern District of West Virginia. In support of this Notice of Removal, Wells Fargo states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On February 29, 2024, Plaintiff David A. Kirkpatrick ("Plaintiff") filed a Class Action Complaint in Case No. CC-41-2024-C-78, titled *David A. Kirkpatrick v. Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage and HSBC BANK USA, N.A.*, in the Circuit Court of Raleigh County, West Virginia (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers filed in the State Court Action, including the Complaint, are attached hereto as **Exhibit 1**.

2. In his Complaint, Plaintiff asserts claims against Wells Fargo for violations of the West Virginia Consumer Credit Protection Act ("WVCCPA") that are lodged in two overarching

1

counts based on Plaintiff's receipt of COVID-19 forbearance letters and subsequent loss mitigation relief. *See* Compl. ¶¶ 78-91.

3. Plaintiff claims that Wells Fargo made several misrepresentations and engaged in unlawful collection efforts by way of those letters and loss mitigation relief communications. *See generally*, Compl.

4. Plaintiff is a resident of Raleigh County, West Virginia." Compl. ¶ 2.

5. Wells Fargo is a national banking association organized under the laws of the United States with its principal office located at 101 N. Phillips Ave., Sioux Falls, SD 57104. *See* **Exhibit 2**, Declaration of Ronnie Rittenhouse ("Wells Fargo Decl."), at ¶ 3.

6. Plaintiff seeks statutory and actual damages, attorney's fees, and pre- and post-judgment interest. Compl. at Relief Sought.

7. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

8. Wells Fargo was served with the Complaint on March 4, 2024 via the West Virginia Secretary of State. Upon information and belief, Defendant HSBC Bank U.S.A, N.A. ("HSBC") was served with the Complaint on March 4, 2024 via the West Virginia Secretary of State.

9. HSBC has consented to Wells Fargo's removal of this matter.

10. This Notice of Removal is filed with this Court within thirty (30) days of service of the Complaint.

11. Wells Fargo sets forth two grounds for removal, as set forth below.

2

## DIVERSITY JURISDICTION

12. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction because: (1) there is complete diversity of citizenship between Plaintiff, David A. Kirkpatrick and Wells Fargo and HSBC, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

**A. Complete Diversity Exists Between Wells Fargo and Plaintiff.**

13. This action satisfies the complete diversity requirement. See 28 U.S.C. § 1332(a)(1). Wells Fargo is informed and believes that at all relevant times, Plaintiff was and is domiciled in, and is a citizen of, the United States and the State of West Virginia. According to the Complaint, "Plaintiff, David A. Kirkpatrick, is a resident of Raleigh County, West Virginia." Compl. ¶ 2. Thus, as alleged in the Complaint, Plaintiff is a citizen of West Virginia for diversity purposes.

14. Wells Fargo is a national banking association organized under the laws of the United States with its principal office located at 101 N. Phillips Ave., Sioux Falls, SD 57104. *See* **Exhibit 2**, Wells Fargo Decl., at ¶ 3. Wells Fargo is a citizen of South Dakota for diversity purposes.

15. Upon information and belief, HSBC is a national banking association organized under the laws of the United States with its principal office located in Virginia.

16. For purposes of removal, complete diversity exists between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

**B. The Amount in Controversy Exceeds $75,000.**

17. Although Wells Fargo denies any liability as to Plaintiff's claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exceeds the sum of $75,000.

18. Plaintiff states that he is entitled to recover the following relief:

   a. Judgment on all counts, together with an award of all requested relief;
   b. For each violation of Chapter 46A, a civil penalty up to the maximum as provided for under W. Va. Code 46A-5-101 & 106;
   c. Actual damages;
   d. Attorneys' fees and costs; and
   e. Pre-and post-judgment interest.

*See* Compl. at 13-14, Relief Sought.

19. "In general, the 'notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Kessler v. Fay Servicing, LLC*, No. 2:18-cv-00518, 2018 WL 4628322, at *2 (S.D. W. Va. Sept. 27, 2018) (denying motion to remand) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

20. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover, but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Id.* Thus, "[i]n many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (vacating and remanding district court's granting of motion to remand).

21. Although Wells Fargo denies that Plaintiff is entitled to recover any amount, and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the allegations stated in the Complaint place in controversy more than $75,000 worth of damages, exclusive of interests and costs.

22. Wells Fargo denies that Plaintiff is entitled to any of the relief requested but sets forth the following amounts solely to satisfy diversity jurisdiction.

4

      **i.    Statutory Damages**

23.    Plaintiff's allegations are focused on two overarching themes of violations under the WVCCPA: (1) Plaintiff's receipt of letters during COVID-19 allegedly misrepresenting debt relief or assistance—Count 1, and (2) Plaintiff's denial of loss mitigation relief subsequently—Count 2.  Compl. ¶¶ 78-91.

24.    Plaintiff received the letters at issue in April, June, and December 2020; and addresses the April and December 2020 letters in the Complaint.  *See* Compl. ¶¶ 26-88, 33-34; Compl. at Exs. A-B; *see also* **Exhibit 3**, Declaration of Jaci Stevens ("Stevens Decl."), at ¶ 6, Ex. A (June 15, 2020 letter).

25.    The April letter allegedly informed Plaintiff that Wells Fargo was offering short-term hardship assistance during the pandemic and that when it ended, "[a]ny payments that became due during the relief period and are still unpaid will be moved to the end of [Plaintiff's] loan."  Compl. ¶¶ 26-28; **Exhibit 3**, Stevens Decl., at Ex. A.

26.    The June letter extended the short-term suspension period, informing Plaintiff that some payments may be able to be moved to the end of the loan term, but that others would not.  **Exhibit 3**, Stevens Decl., at Ex. A, at 4.

27.    The December letter allegedly corrected the earlier letters stating that payments Plaintiff missed during the payment suspension period "may not [ ] automatically [move to the end of your loan] during your payment suspension period."  Compl. ¶¶ 33-34; Compl. at Ex. B.

28.    Plaintiff has alleged multiple WVCCPA violations under each of these overarching themes in Counts 1 and 2, based on these letters, each of which would be subject to a set damage amount per violation.

29.    The WVCCPA provides for statutory damages that are calculated by multiplying

the number of violations times $1,000 with inflation from September 1, 2015—which as of April 3, 2024 is $1,304. W. Va. Code §§ 46A-5-105(1), 106 (inflation is based on the Consumer Price Index, https://www.bls.gov/data/inflation_calculator.htm).

30. Plaintiff has alleged at least 19 violations of the WVCCPA in Count 1 of the Complaint that track across three letters—the April 10, 2020, June 15, 2020, and December 4, 2020 letters. *See* Compl. ¶¶ 27, 33; Compl. at Exs. A-B; *see also* **Exhibit 3**, Stevens Decl., at ¶ 6, Ex. A (June 15, 2020 letter).

31. The violations in Count 1 are as follows:

   a. Wells Fargo collected and/or obtained information about Plaintiff in an unlawful manner, accounting for one violation. Compl. ¶¶ 32, 47.

   b. Wells Fargo (1) made false representations, (2) engaged in written false representations, and (3) misrepresented the status of his loan in at least three letters that Plaintiff received. *Id.* at ¶¶ 80. This accounts for nine violations based on three violations per letter.

   c. Wells Fargo engaged in unfair or unconscionable means to collect a debt. *Id.* at ¶ 81. This accounts for three violations based on one violation per letter.

   d. Wells Fargo violated W.Va. Code § 46A-2-127 subsection (d) and (h). *Id.* at ¶ 82. This accounts for six violations based on two violations per letter.

32. Plaintiff has alleged at least 15 violations of the WVCCPA in Count 2 of the Complaint that track across the three letters—the April 10, 2020, June 15, 2020, and December 4, 2020 letters. *See* Compl. ¶¶ 27, 33; Compl. at Exs. A-B; *see also* **Exhibit 3**, Stevens Decl., at ¶ 6, Ex. A (June 15, 2020 letter).

33. The violations in Count 2 are as follows:

6

    a. Wells Fargo (1) made false representations and implications, and (2) engaged in unfair conduct with respect to Plaintiffs income and loan applications. Compl. ¶ 87. This accounts for six violations based on two violations per letter.

    b. Wells Fargo engaged in unfair and unconscionable means to collect a debt. *Id.* at ¶ 88. This accounts for three violations based on one violation per letter.

    c. Wells Fargo violated W.Va. Code § 46A-2-127 subsection (d) and (h). *Id.* at ¶ 89. This accounts for six violations based on two violations per letter.

34. These violations combine to a total of thirty-four alleged violations of the WVCCPA.

35. Accordingly, Plaintiff's alleged statutory damages are $44,336.

    ii. **Actual Damages**.

36. Plaintiff seeks actual damages. Compl. at 13, Relief Sought ¶ d.

37. Plaintiff attempts to plead that the alleged harm was "annoyance, aggravation, and inconvenience." *Id.* ¶ 57. Further, Plaintiff alleges that he was forced to "take financially difficult and adverse actions to reinstate the loan in full to avoid foreclosure." *Id.* ¶ 56.

38. Plaintiff paid $24,396.27 to reinstate his mortgage.[1] **Exhibit 3**, Stevens Decl., at ¶ 5.

39. At minimum, Plaintiff's alleged actual damages are $24,396.27, without taking into account potential damages for "annoyance, aggravation, and inconvenience."

---

[1] Plaintiff has further asserted in other documentation that he paid $29,000 to reinstate his mortgage.

      **iii.    Attorneys' Fees.**

40. Finally, Plaintiff seeks attorneys' fees. Compl. at Relief Sought ¶ e. Attorneys' fees count towards the amount in controversy if they are allowed for by statute or contract. *Kessler*, 2018 WL 4628322, at *3. Plaintiff sued under the WVCCPA. *See* Compl. ¶¶ 78-91. The WVCCPA allows for the Court to award "reasonable attorney's fees and expenses to the consumer." W. Va. Code § 46A-5-104(a). Plaintiff seeks an award of attorneys' fees under the WVCCPA. Compl. ¶¶ 84, 91, p. 14 (Relief Sought). Attorneys' fees are therefore properly considered.

41. "[T]his Court has determined that an award of $25,000 in attorney's fees is reasonable" in cases similar to Plaintiff's alleging WVCCPA violations. *Kessler*, 2018 WL 4628322, at *3; *Patton v. Fifth Third Bank*, No. 2:05-cv-00790, 2006 WL 771924, at *3 (S.D. W. Va. Mar. 24, 2006) (Copenhaver, J.).

42. In sum, while Wells Fargo believes that any finding in Plaintiff's favor is not appropriate in this action and that it will prevail on the merits of Plaintiff's claims, Wells Fargo has a good-faith belief based on Plaintiff's allegations that the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000 set forth in 28 U.S.C. § 1332.

43. $93,732 is sufficient to establish the amount in controversy requirement is met.

## **REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

44. Plaintiff filed this lawsuit as a class action, seeking to represent the following class:

> All persons with West Virginia addresses, who within the applicable statute of limitations preceding the filing of this action, received letters the same or substantially similar to the letter the Plaintiff received stating that payments that became due during the relief period and are still unpaid will be moved to the end of their loan and

        who subsequently did not receive an automatic deferment of such payments when short term relief ended.

Compl. ¶ 62.

    45. CAFA gives district courts original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). A class action subject to this original jurisdiction must be a proposed class with more than 100 members. 28 U.S.C. § 1332(d)(5)(B).

    46. "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also Atkins v. AT&T Mobility Servs., LLC*, No. 2:18-CV-00599, 2019 WL 5190971, at *3 (S.D. W. Va. Oct. 15, 2019) (citing the same in decision denying motion to remand). Accordingly, "[a] defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court when the three CAFA requirements are satisfied." *Atkins*, 2019 WL 5190971, at *3 (citing *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019)).

    47. The following jurisdictional facts establish that this Court has original jurisdiction over this matter, making removal proper. *See Dart*, 574 U.S. at 89 (a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Atkins*, 2019 WL 5190971, at *5 ("A removing defendant may use reasonable estimates, inferences, and deductions to establish the amount in controversy, as long as the

evidence shows it is more likely than not . . . that a fact finder might legally conclude that damages will exceed the jurisdictional amount.").

     **A.**     **As alleged, the proposed class exceeds 100 members.**

     48.     Plaintiff proposes a class comprised of:

> All persons with West Virginia addresses, who within the applicable statute of limitations preceding the filing of this action, received letters the same or substantially similar to the letter the Plaintiff received stating that payments that became due during the relief period and are still unpaid will be moved to the end of their loan and who subsequently did not receive an automatic deferment of such payments when short term relief ended.

Compl. ¶ 62.

     49.     Plaintiff filed the complaint on February 29, 2024. The WVCCPA sets forth a four-year statute of limitations for claims under the act. *See* W. Va. Code §§ 46A-5-101 (setting forth four-year statute of limitations).

     50.     The class period therefore begins on, based on Plaintiff's class definition in the Complaint and his allegation that he has fulfilled the right to cure process, February 29, 2020. *See* Compl. ¶¶ 58; 62.

     51.     Based on Wells Fargo's preliminary investigation of the putative class and reliance on Plaintiff's allegations in the Class Action Complaint, there are 1,294 Wells Fargo accounts related to persons who received letters similar to those complained-of in the Complaint, who had a West Virginia address as of the date of those letters, either based on mailing address or the address of the property, and who were sent a letter during the relevant time period that made representations as to whether payments would be moved to the end of the loan term. *See* **Exhibit 2**, Wells Fargo Decl., at ¶ 7.

     52.     The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

B.     **There is minimal diversity.**

53.    "Minimal diversity" exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Atkins*, 2019 WL 5190971, at *2 n.3 (citation omitted).

54.    Wells Fargo is informed and believes that at all relevant times, Plaintiff was and is domiciled in, and is a citizen of, the United States and the State of West Virginia. According to the Complaint, "Plaintiff . . . is a resident of Raleigh County, West Virginia." Compl. ¶ 2. Thus, as alleged in the Complaint, Plaintiff is a citizen of West Virginia for diversity purposes.

55.    Wells Fargo is a national banking association organized under the laws of the United States with its principal office located at 101 N. Phillips Ave., Sioux Falls, SD 57104. *See* **Exhibit 2**, Wells Fargo Decl., at ¶ 3. Wells Fargo is a citizen of South Dakota for diversity purposes.

56.    Minimal diversity is satisfied because Plaintiff is a citizen of a different state than Wells Fargo. *See* 28 U.S.C. § 1332(d)(2)(A).

C.     **As alleged, the aggregate amount in controversy exceeds $5 million.**

57.    Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. See U.S.C. § 1332(d)(2).

58.    To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). *Id*. at 87.

59.    "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover, but 'an estimate of the amount that will be put

at issue in the course of the litigation.'" *Scott*, 865 F.3d at 196 (vacating and remanding district court's granting of motion to remand) (citation omitted). Thus, in many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions." *Id*.

60. Plaintiff has not specified an amount in controversy but seeks statutory damages for each WVCCPA violation, actual damages, attorneys' fees, and pre- and post-judgment interest. Compl. at Relief Sought ¶¶ a-g.

61. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).").

### i. Statutory Damages

62. Plaintiff's class allegations are focused on the violations under the WVCCPA as to Count 1: (1) Plaintiff's receipt of letters during COVID-19 misrepresenting debt relief or assistance. Compl. ¶¶ 78-84.

63. As set forth above, Plaintiff has alleged multiple WVCCPA violations in Count 1 which would be subject to a set damage amount per violation.

64. The WVCCPA provides for statutory damages that are calculated by multiplying the number of violations times $1,000 with inflation from September 1, 2015—which as of April

3, 2024 is $1,304. W. Va. Code §§ 46A-5-105(1); 106 (inflation is based on the Consumer Price Index, https://www.bls.gov/data/inflation_calculator.htm).

65. Plaintiff has alleged at least 19 violations of the WVCCPA in Count 1 of the Complaint that track across three letters—the April 10, 2020, June 15, 2020, and December 4, 2020 letters. *See* Compl. ¶¶ 27, 33; Compl. at Exs. A-B; *see also* **Exhibit 3**, Stevens Decl., at ¶ 6, Ex. A (June 15, 2020 letter).

66. The violations in Count 1 are as follows:

　　a. Wells Fargo collected and/or obtained information about Plaintiff in an unlawful manner, accounting for one violation. Compl. ¶¶ 32, 47.

　　b. Wells Fargo (1) made false representations, (2) engaged in written false representations, and (3) misrepresented the status of his loan in at least three letters that Plaintiff received. *Id.* at ¶¶ 80. This accounts for nine violations based on three violations per letter.

　　c. Wells Fargo engaged in unfair or unconscionable means to collect a debt. *Id.* at ¶ 81. This accounts for three violations based on one violation per letter.

　　d. Wells Fargo violated W.Va. Code § 46A-2-127 subsection (d) and (h). *Id.* at ¶ 82. This accounts for six violations based on two violations per letter.

67. Statutory damages may be considered in the aggregate.

68. Based on Wells Fargo's preliminary data pull, there are 1,294 potential class members who received a relevant letter. **Exhibit 2**, Wells Fargo Decl., at ¶ 7.

69. If the same seven baseline violations apply across those 1,294 accounts that received a letter, the aggregate amount of damages for the class is approximately $11,811,632.

13

      **ii.    Attorneys' Fees.**

      70.    Finally, Plaintiff seeks attorneys' fees. Compl. at Relief Sought ¶ e. Attorneys' fees count towards the amount in controversy if they are allowed for by statute or contract. *Kessler*, 2018 WL 4628322, at *3. Plaintiff sued under the WVCCPA. *See* Compl. ¶¶ 78-91. The WVCCPA allows for the Court to award "reasonable attorney's fees and expenses to the consumer." W. Va. Code § 46A-5-104(a). Plaintiff seeks an award of attorneys' fees under the WVCCPA. Compl. ¶¶ 84, 91, p. 14 (Relief Sought). Attorneys' fees are therefore properly considered.

      71.    "[T]his Court has determined that an award of $25,000 in attorney's fees is reasonable" in cases similar to Plaintiff's alleging WVCCPA violations. *Kessler*, 2018 WL 4628322, at *3; *Patton*, 2006 WL 771924, at *3.

      72.    In sum, while Wells Fargo believes that class certification is not appropriate in this action and that it will prevail on the merits of Plaintiff's claims, Wells Fargo has a good-faith belief based on Plaintiff's allegations that the amount in controversy in this matter exceeds the jurisdictional threshold of $5,000,000 set forth in 28 U.S.C. § 1332(d).

**MISCELLANEOUS CONSIDERATIONS**

      73.    Venue lies in this Court because Plaintiff's action was filed in Raleigh County, West Virginia, which is within the Southern District of West Virginia.

      74.    This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. §§ 51-54, 55-60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise

under the workmen's compensation laws; and (d) it does not arise under section 40302 of the Violence Against Women Act of 1994.

75.     Therefore, this case may be removed because (i) there is complete diversity of citizenship between the parties; (ii) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (iii) no exceptions apply.

76.     Further, this Court has original jurisdiction over this litigation under CAFA.  The parties are minimally diverse, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000.

77.     All Defendants join in this removal.

78.     By filing this Notice of Removal, Wells Fargo does not waive any defenses, either procedural or substantive, that may be available.  No statement or omission in this Notice is an admission of any allegations of or damages sought in the complaint.

79.     Wells Fargo expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

80.     Contemporaneous with the removal of this action, Wells Fargo has given written notice of this Notice of Removal to the Circuit Court of Raleigh County, West Virginia, as well as Plaintiff and co-Defendants, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of the Notice of Removal, without exhibits, is attached hereto as **Exhibit 4**.

81.     If any question arises as to the propriety of the removal of this action, Wells Fargo respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## CONCLUSION

Wells Fargo therefore requests, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 that the State Court Action be removed to the United States District Court for the Southern District of West Virginia, and that the Court assume jurisdiction over this action and enter such orders necessary to accomplish the requested removal and promote the ends of justice.

WHEREFORE, Wells Fargo hereby removes the above-captioned action now pending in State Court to the United States District Court for the Southern District of West Virginia.

Dated: April 3, 2024

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/ Elizabeth M. Thomas
K. Issac deVyver (*visiting attorney statement forthcoming*)
Karla Johnson (*visiting attorney statement forthcoming*)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6057
Facsimile: (412) 402-4187
Email: kdevyver@mcguirewoods.com
Email: kjohnson@mcguirewoods.com

Elizabeth M. Thomas (W. Va. ID No. 12320)
Fifth Third Center
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: 704.343.2000
Fax: 704.343.2300
ethomas@mcguirewoods.com

*Attorneys for Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage*

**CERTIFICATE OF SERVICE**

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 3, 2024, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Jason E. Causey
Bordas & Bordas, PLLC
1358 National Rd
Wheeling, WV 26003
(304) 242-8410
jcausey@bordaslaw.com

*/s/ Elizabeth M. Thomas*
Elizabeth M. Thomas

*Attorney for Defendant*
*Wells Fargo Bank, N.A.*