IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| DAVID A. KIRKPATRICK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE and HSBC BANK USA, N.A.,<br><br>Defendants. | Civil Action No. 5:24-cv-00169 |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving settlement of this Action, in accordance with the Settlement Agreement and Release dated __October 2 and 3__, 2025 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits Annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, the Court has reviewed Plaintiff's Motion for Preliminary Approval and supporting brief requesting that this Court: (1) conditionally certify the Settlement Class; (2)

1

preliminarily approve the parties' proposed class action settlement; (3) appoint David A. Kirkpatrick as Class Representative, his counsel as Class Counsel, and Epiq Class Action & Claims Solutions as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Agreement; (5) approve the form of Notice to the Settlement Class; and (6) schedule a hearing on the final approval of the Agreement for _____, 2025.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Nature of the Action.** Plaintiff David A. Kirkpatrick ("Plaintiff") alleges that Defendants Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC") (collectively, "Defendants") violated the West Virginia Consumer Credit Protection Act ("WVCCPA") arising out of the terms of Wells Fargo's COVID forbearance program, and brought this Action seeking to represent a class of West Virginia borrowers based on alleged representations made relating to the movement of payments to the end of the loan term as part of Wells Fargo's COVID forbearance program. Defendants dispute and deny all of Plaintiff's claims.

2. **Settlement.** Plaintiff David A. Kirkpatrick (the "Class Representative"), individually and as Class Representative on behalf of the Class, and Defendants (collectively, the "Parties") have negotiated a potential settlement of the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Defendants and the Releasees.

3. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). "In determining whether a settlement meets the requirements of Rule 23, the Fourth Circuit has developed multifactor standards for assessing whether a class action settlement is 'fair,

2

reasonable, and adequate' under Rule 23(e)(2)." *Six v. LoanCare, LLC*, No. 5:21-CV-00451, 2022 WL 16747291, at *2 (S.D.W. Va. Nov. 7, 2022) (citing *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020); *Scardelletti v. Debarr*, 43 Fed. Appx. 525, 528 (4th Cir. 2002); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991)). "The fairness analysis is intended primarily to ensure that a 'settlement is reached as a result of good-faith bargaining at arm's length, without collusion.'" *Id.* (citing *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (quoting *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159)). The Fourth Circuit has identified four factors for determining settlement fairness: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of the class action litigation." *Id.* (citing *Lumber Liquidators*, 952 F.3d at 484 (citing *Jiffy Lube*, 927 F.2d at 159)). "In determining the adequacy of the proposed settlement, the Court must consider the: (1) relative strength of Plaintiff's case on the merits; (2) existence of any difficulties of proof or strong defenses Plaintiff is likely to encounter if the case proceeds to trial; (3) anticipated duration and expense of additional litigation; (4) solvency of defendant and likelihood of recovery of a litigated judgment; and (5) degree of opposition to the settlement." *Id.* at *3 (citing *Scardelletti*, 43 Fed. Appx. at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159) (other citations omitted).

The Court has carefully reviewed the Agreement, including the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Action. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order shall have the meanings attributed to them in the Agreement.

4. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all of the Class Members, and venue in this Court is proper.

5. **Preliminary Settlement Approval.** Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of experienced mediator Stephen Dalesio, Esq. in the settlement process supports the finding that the Settlement is non-collusive.

1.1. **Certification of Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes only, (and for no purposes and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date no occur), a class defined as the collective group of all (1) borrowers on Wells Fargo home mortgage accounts; (2) with a West Virginia mailing or property address as set forth in Wells Fargo's system of record; (3) that participated in COVID forbearance; and (4) received a letter between March and December of 2020 discussing what would happen with missed COVID forbearance payments at the end of the loan period. The settlement class shall consist of approximately 2,010 accounts as identified by Wells Fargo. The Class does not include any individual who validly opts out of the Settlement pursuant to the procedures set forth herein.

Pursuant to Federal Rule of Civil Procedure 23(a) and b(3), the Court preliminarily finds, for settlement purposes only, that:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class for the purposes of determining whether the Settlement should be approved;

c. Plaintiff's claims are typical of the Class claims being resolved through the Settlement;

d. Plaintiff is capable of fairly and adequately protecting the interests of the Class in connection with the proposed Settlement;

e. Common questions of law and fact predominate over questions affecting only individual Class Members, and the Class appears to be sufficiently cohesive for settlement of the claims on a class-wide basis; and,

f. Certification of the Class is superior to other available methods for the fair and efficient resolution of the Class claims.

6. **Designation of Class Representatives and Class Counsel.** The Court finds and concludes that the Class Representative David A. Kirkpatrick has claims typical of and is an adequate representative of the Settlement Class he proposes to represent. The Court hereby appoints David A. Kirkpatrick as the Class Representative for the Settlement Class. The Court finds and concludes that the law firms Katz, Kantor, Stonestreet & Buckner, PLLC and Bailey Glasser, LLP, Jason E. Causey, Jonathan R. Marshall, and Patricia M. Kipnis have extensive experience and expertise in prosecuting consumer class actions. The Court hereby appoints Plaintiff's counsel of record in this case as Class Counsel.

7. **Final Approval Hearing**. A hearing (the "Final Approval Hearing") shall be held before this Court on _____February 20_____, 202_6_, at ___10:00___ _a_.m., at the Robert C. Byrd U.S. Courthouse, Room 336, 110 North Heber Street, Beckley, WV 25801 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions set

5

forth in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.21 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representative for his representation and service to the Class; (v) to consider any Settlement Class Member's objections to the Settlement and/or any application of Class Counsel for payment or reimbursement of attorney's fees, costs, and expenses and any application for an award to the Class Representatives; and (vi) to rule upon such other matters as the Court may deem appropriate. The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

8. **Class Notice.** The Court approves the form, substance, and requirements of the Class Notice (the "Notice") annexed hereto as **Exhibit 1**. The Court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 9 of this Order, meets the requirements of the Federal Rule of Civil Procedure 23 and due process. The Notice fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation for the monetary and other relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorney's fees, and any other important documents in this case; (2) Class Representative's forthcoming application for the Class Representative's service award and Class Counsel's attorneys' fees and costs award; (3) how the Settlement Class Members' share of the Settlement Fund will be calculated and distributed; (4) this Court's procedures for final approval of the Settlement; (5) how to Opt-Out or Object to the

Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the case docket via the Public Access to Court Electronic Records ("PACER") or in person at the Courthouse; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website or PACER to confirm that the date has not been changed.

The Court further finds and concludes that the proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, prior to distributing the Notice and after receiving a Notice List from Wells Fargo, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Settlement Class's addresses, the Notice will be sent out via first-class mail to the Settlement Class Members. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan.

The Court hereby concludes that the proposed Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

9. **Settlement Administrator**. The Court approves the appointment of Epiq Class Action & Claims Solutions to supervise and administer the notice procedure as more fully set forth below:

a) No later than twenty-one (21) days from the entry of this Order (the "Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases;

b) No later than the Notice Mailing Date, the Settlement Administrator shall establish a settlement website, and shall post on the website the Agreement and Exhibits, including the Class Notice substantially in the form annexed as Exhibit 1 hereto, as well as this Preliminary Approval Order, applications for attorneys' fees and class representative's service award (when available), the Final Approval Order, and the operative Complaint in this Action;

c) Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing and publication via website;

d) The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement.

e) The Notice List shall be treated as Confidential pursuant to Section 17 of the Settlement Agreement.

10. **Qualified Settlement Fund.** The Settlement Administrator is authorized to establish an account at a federally-insured financial institution which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1,

promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Settlement Administrator shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

11. **<u>Exclusion from the Class</u>.** Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Class Notice no later than thirty (30) days after the Notice Mailing Date. To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action," as set forth in Section 11 of the Agreement. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A request to Opt-Out by a borrower or co-borrower on an Account shall be deemed to be a request to Opt-Out by all borrowers on the Account. A Class Member who desires to opt out must make timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

12.     **Copies of Requests to Opt Out.**  The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with a list of all timely Requests to Opt Out within seven business days after the Opt Out Deadline.

13.     **Entry of Appearance.**  Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she will be represented by Class Counsel.

14.     **Binding Effect on Class.**  All Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting a Request to Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

15.     **Objections.**  Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason to object to the Settlement; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorney's fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is sent to the Clerk of Court at the mailing address listed in the Class Notice no later than thirty (30) days after the Notice Mailing Date.  The written objection must also be mailed to Class Counsel and Defense Counsel no later than thirty (30) days after the Notice Mailing Date. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of

his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

Within seven (7) business days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above guidelines. The Court shall have the ultimate determination of whether an Objection has been appropriately made. Any Settlement Class Member who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from making any objection to the Settlement, unless otherwise ordered by the Court.

16. **Appearance of Objectors at Final Approval Hearing.** Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 15 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Class Notice by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

17. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen days prior to the Final Approval Hearing.

18. **Fees, Expenses, and Awards.** Class Counsel's application for Attorneys' Fees and Expenses shall be filed no later than fourteen calendar days prior to the Final Approval Hearing. Neither Defendants nor the Releasees shall have any responsibility for any application for Attorney's Fees and Expenses submitted by Class Counsel. At or after the Final Approval Hearing, the Court shall determine whether to approve Class Counsel's request for Attorneys' Fees and Expenses and whether to approve any request for an award to the Class Representative for his service to the Class.

19. **Releases.** If the Settlement is finally approved, the Releasors shall release the Releasees from the Released Claims.

20. **Use of Order.** Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Class Representative, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

21. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

23. **Temporary Bar for all Class Members.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

24. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 20 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

25.     **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this Action.

26.     **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

27.     **Jurisdiction.**  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

28.     **Summary of Deadlines**.  Consistent with the parties' Agreement, the dates for performance are as follows:

- Class Notice Mailed by: Twenty-One (21) days after entry of this Order;

- Objection or Exclusion: Thirty (30) days after the Notice Mailing Date;

- Final Approval Submissions, including applications for a service award and attorneys' fee and costs: Fourteen (14) days prior to the Final Approval Hearing;

- Final Approval Hearing: February 20, 2026 at 10:00 a.m., which date is Ninety (90) days or more after mailing of the Class Notice.

IT IS SO ORDERED.                           BY THE COURT:  October 31, 2025

*Frank W. Volk*
Chief United States District Judge

**Hon. Frank W. Volk, Chief Judge**

14

# Exhibit 1

LEGAL NOTICE

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*David Kirkpatrick, on behalf of himself and all others similarly situated, v. Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage and HSBC Bank USA, N.A.,* Case No. 5:24-cv-00169 (U.S.D.C. Southern District of West Virginia)

**THIS IS NOT A SUIT AGAINST YOU.** The purpose of this Notice is to advise you that a Settlement Agreement has been reached in a class action lawsuit (the "Action") against Wells Fargo Home Mortgage ("Wells Fargo") and HSBC Bank USA ("HSBC") ("Defendants"). The Notice is being sent to you because the Parties' records indicate that you may be a Class Member under the Settlement Agreement.

A total Settlement Fund of $1,300,000 ("Settlement Fund") will be established to provide compensation to Class Members. You may be entitled to receive a share from the Settlement Fund. A portion of the Settlement Fund will also be used to fund payments to Class Counsel and the Class Representative, as well as the costs of administering the Settlement. Your legal rights are affected whether you act or don't act, so read this Notice carefully.

This Notice describes the case in general and does not address all of the issues in detail. You may review a copy of the Settlement Agreement, Class Action Complaint, and the Court's Order Preliminarily Approving Settlement at the following website: _____ or by requesting copies from the Settlement Administrator, whose contact information appears at the end of this Notice.

### What is the Lawsuit About?

In the Action, Plaintiff David Kirkpatrick alleges that the Defendants improperly sent Plaintiff and similarly situated consumers who were part of Wells Fargo's COVID forbearance program letters relating to the movement of mortgage payments to the end of the loan term as part of the program.

Defendants deny the allegations and contend that neither Plaintiff nor any Class Member is entitled to any relief.

Both sides have agreed to settle the Action solely to avoid the burden, expense, risk, and uncertainty of continuing the Action.

### Who is Included in the Settlement?

The Parties' records indicate that you may be a Class Member. The Settlement Class is defined as follows:

> All (1) borrowers on Wells Fargo home mortgage accounts, (2) with a West Virginia mailing or property address as set forth in Wells Fargo's system of record, (3) that participated in COVID forbearance; and (4) received a letter between March and December of 2020 discussing what would happen with missed COVID forbearance payments at the end of the loan period.

The settlement class consists of approximately 2,010 accounts as identified by Wells Fargo.

### What Does the Settlement Provide?

(1) **Cash Payments to Class Members**.

Wells Fargo will establish a Settlement Fund in the amount of $1,300,000.

Each Class Member may receive a share of the Settlement Fund, however, only one Settlement Payment will be made per account, and will be sent to the coborrowers listed on an account according to Wells Fargo's records.

After reduction for Administrative Costs as well as any attorneys' fees, costs, and Incentive Award granted by the Court, the estimated disbursement to you is anticipated to be as much as $400 per account based on Wells Fargo's records. Please understand that this is only an estimate and the final figure may vary. These sums may be taxable, and the responsibility for such tax consequences is further described in the Settlement Agreement, and that counsel is not giving you any tax advice. You are encouraged to seek tax advice without delay from a tax professional.

(2) **Service Award**. The Class Representative who brought this lawsuit, David Kirkpatrick, will request an Incentive Award of $15,000.00, to be paid from the Settlement Fund, for serving as Class Representative.

(3) **Attorney's Fees and Costs**. Class Counsel are Bailey Glasser, LLP and Katz Kantor Stonestreet & Buckner, PLLC. They will request an award of Attorneys' Fees and Expenses equal to one-third the total amount of the Settlement Fund plus reasonable litigation expenses. Class Counsel seeks a fee of $433,333.00 for their services to the Class and reimbursement of out of pocket expenses not to exceed $10,500.00. All Attorney's Fees and Expenses awarded by the Court will be paid from the Settlement Fund.

(4) **Opinion of Class Counsel**. Class Counsel considers it to be in the best interest of the Class to enter into this Settlement Agreement on the terms described in light of the potential recovery, Defendants' defenses, and the uncertainties of continued litigation.

(5) **Release.** Each person who remains in the Settlement Class will, if the Settlement Agreement is approved, release any claims alleged in the lawsuit and those arising from or relating to the Letters at issue in the case, and any and all communications with or representations by Wells Fargo relating to the Letters at issue in the case or what would happen with a settlement class member's missed COVID forbearance payments at the end of the loan period, as set forth in the Settlement Agreement. A release means you cannot sue or be part of any other lawsuit against Defendants and the Released Parties about the claims or issues in this Action and you will be bound by the Settlement. The specific terms of the release are described in the Settlement Agreement, which can be accessed at the following website: _____ or by requesting copies from the Settlement Administrator, whose contact information appears at the end of this Notice.

Docusign Envelope ID: 395C0113-5013-4B5A-8287-FB96B66CF925

(6) **Binding Effect of Class Judgment.** Upon conclusion of the Settlement, the judgment of the Court will be binding upon all Class Members who do not successfully opt out of the Settlement Agreement.

### The Court's Fairness Hearing

The U.S. District Court for the Southern District of West Virginia will hold a fairness hearing in this case on _____, 202__ at __ a.m./p.m., in the Courtroom of the Honorable Frank W. Volk, United States Courthouse, Robert C. Byrd United States Courthouse, 110 North Heber Street, Room 336, Beckley, WV 25801. The purpose of the hearing will be for the Court to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class, and to rule on applications for compensation for Class Counsel and an Incentive Award for the Class Representative. Class Members do not need to attend the hearing to benefit from the Settlement Agreement. The hearing date and time may be changed without further notice. If you wish to attend the hearing, you should call the Settlement Administrator in advance to confirm the day and time.

### What Are Your Options?

(1) **Do Nothing and Receive Payment**. To accept the Settlement Agreement, **you do not need to do anything**. If the Settlement Agreement is approved, you will be bound by all of its terms, and a check will be mailed to you and/or the first individual listed on the mortgage account based on Wells Fargo's records. If you change your address, please inform the Settlement Administrator at the address below; OR

(2) **Exclude Yourself by the Deadline**. You may "opt out" and exclude yourself from the Settlement Agreement. If you opt out, you will not receive any payment, and you will not release any claims you may have against Defendants. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against Defendants at your own risk and expense. To exclude yourself from the Settlement Agreement, you must mail a letter to the Settlement Administrator (address below) stating that you wish to do so. Your letter must include (a) your full name, current address, and a statement that you are seeking exclusion from the David Kirkpatrick v. Wells Fargo & HSBC lawsuit, (b) your personal and original signature, or the signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on your behalf; and (c) state unequivocally that you desire to be excluded from the Settlement Class, to be excluded from the Settlement Agreement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. For example, you can state "I hereby request that I be excluded from the proposed Settlement Class in the Action." Mass or class opt-outs shall be void. You must postmark your letter no later than ____, 202__; OR

(3) **Object to the Terms of the Settlement Agreement**. Anyone who has not requested to be excluded from the Settlement Class may object to the Settlement. Your objection must (i) set forth your full name, current address, telephone number, and the name and case number of the lawsuit (David Kirkpatrick v. Wells Fargo & HSBC lawsuit, Case No. 5:24-cv-00169); (ii) contain your personal and original signature, or the signature of your attorney; (iii) state that you object to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the objection; (v) provide copies of any documents that you wish to submit in support of your position; (vi) state whether you intend on appearing at the Final Approval Hearing either pro se or through counsel and whether you plan on offering testimony at the Final Approval Hearing. Copies of the foregoing and all other papers in support of such objection(s) must be served upon the following and must be postmarked no later than _____, 202__:

Court:
  Clerk of Court
  U.S. District Court for the Southern District of West Virginia
  Robert C. Byrd United States Courthouse
  110 North Heber Street, Room 336
  Beckley, WV 25801

Administrator: Address Below

Class Counsel:

  Jason E. Causey (WVSB No. 9482)
  Katz Kantor Stonestreet & Buckner, PLLC
  206 South Walker Street
  Princeton, WV 24740
  Telephone: (304) 431-4050

  Jonathan R. Marshall
  BAILEY & GLASSER LLP
  209 Capitol Street
  Charleston, WV 25301
  (304) 345-6555

Defense counsel:

  K. Issac deVyver
  Karla L. Johnson
  MCGUIREWOODS LLP
  260 Forbes Avenue, Suite 1800
  Pittsburgh, Pennsylvania 15222
  kdevyver@mcguirewoods.com
  kjohnson@mcguirewoods.com

If you wish to appear at the Final Approval Hearing to object to the settlement, you must file a Notice of Intention to Appear with the Clerk of Court by the Objection Deadline. Any Class Member who fails to object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of the Settlement Agreement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Lawsuit.

**PLEASE DIRECT QUESTIONS TO:**

**SETTLEMENT ADMINISTRATOR**
**Address**
**Toll-Free Phone Number**